**CONCUR; and Opinion Filed July 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-00024-CV

---

**JAMES D. ANDERTON, INDIVIDUALLY AND AS THE TRUSTEE
OF THE JIMMIE W. ANDERTON AND FRANCES E. ANDERTON
REVOCABLE LIVING TRUST AGREEMENT, Appellants**

**V.**

**JENNIFER GREEN, Appellee**

---

**On Appeal from the 354th District Court
Hunt County, Texas
Trial Court Cause No. 79011**

---

## CONCURRING OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Whitehill
Concurring Opinion by Justice Whitehill

I agree with and join in the court's opinion as correctly decided based on the issues raised and the record before us. I write separately to address only the preservation issue discussed in footnote four of that opinion.

In my view, appellants' complaint about whether Jennifer failed to segregate her recoverable attorneys' fees is substantively a complaint about the sufficiency of the evidence to support the amount awarded. *See Tony Gullo Motors I, L.P. v. Chapa*, 22 S.W.3d 299, 314 (Tex. 2006) ("Unsegregated attorney's fees for the entire case are some evidence of what the segregated amount should be.") (footnote omitted). As such, that issue could have been raised for the first time on appeal from this nonjury case. TEX. R. APP. P. 33.1(d).

Therefore, future appellate courts should not need to address the error preservation issues footnote four discusses when resolving whether an attorneys' fees claimant properly segregated recoverable attorneys' fees from non-recoverable attorneys' fees when a trial court tries that issue.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

170024CF.P05